# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ASYST TECHNOLOGIES, LLC, and
BURTON TECHNOLOGIES, LLC,

                  **Plaintiffs,**

   v.                                                                     Case No. 11-C-00381

EAGLE EYES TRAFFIC IND. CO., LTD,
C. G. MOTOR SPORTS, INC. d/b/a
ANZO USA, and
KEYSTONE AUTOMOTIVE OPERATIONS, INC.
d/b/a STREETSIDEAUTO.COM,

                  **Defendants.**

# DECISION AND ORDER

This patent infringement action comes before the Court on the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. For purposes of the motion to dismiss, all well-pleaded facts of the Amended Complaint are taken as true.

## Factual Background

The Plaintiffs, Asyst Technologies, LLC ("Asyst") and Burton Technologies, LLC ("Burton") (collectively, the "Plaintiffs"), respectively, are the owner and exclusive licensee of six different patents (the "licensed patents") for automotive headlamp components.

(Am. Compl. ¶ 16.) Each Defendant (collectively, the "Defendants") is part of the manufacturing and distribution chain for aftermarket automotive headlamps: Eagle Eyes Traffic Ind. Co., Ltd. ("Eagle Eyes") is a Taiwanese manufacturer and exporter of automotive headlamps and parts; C. G. Motor Sports, Inc. d/b/a Anzo USA ("Anzo") is Eagle Eyes' United States distributor; and Keystone Automotive Operations, Inc. d/b/a StreetsideAuto.com ("Streetside") is a retailer of automotive headlamps manufactured and distributed by Eagle Eyes and Anzo. (*Id*. at ¶ 17.)

In 2009, Asyst and Eagle Eyes entered into a patent licensing agreement ("the licensing agreement") that granted Eagle Eyes a non-exclusive license to manufacture, import, use, and sell automotive headlamps covered by the licensed patents. (*Id*. at ¶ 18.) The licensing agreement expired on December 31, 2009, and was not renewed. (*Id*. at ¶¶ 19-20.)

Despite the expiration of that agreement, Eagle Eyes continues to manufacture and import into the United States headlamps and parts that infringe upon the licensed patents; Anzo imports, uses, offers for sale and sells headlamps and parts that infringe upon the licensed patents; and Streetside offers for sale and sells headlamps and parts that infringe upon the licensed patents. (*Id*. at ¶¶ 21-23.) One of Asyst's employees purchased from Streetside three different Anzo headlamps that Eagle Eyes manufactured and each of these products infringes one or more of the licensed patents. (*Id*. at ¶ 24.)

On April 20, 2011, the Plaintiffs commenced this action by filing the Complaint with six causes of action for patent infringement – each cause of action corresponds to one

of the six licensed patents. The Complaint requests that the Court find that the Defendants have infringed the licensed patents, award damages adequate to compensate the Plaintiffs for the infringement, award multiple damages pursuant to 35 U.S.C. § 284 due to the Defendants' wanton and willful infringement, and find this to be an exceptional case under 35 U.S.C. § 285, requiring that the Defendants cover the cost of the Plaintiffs' litigation expenses. On May 23, 2011, the Plaintiffs filed an Amended Complaint ("Complaint") changing the name of a defendant from "Ka Kit Mak d/b/a Anzo USA" to "C.G. Motorsports, Inc. d/b/a Anzo USA."

## Motion to Dismiss

By their Rule 12(b)(6) motion to dismiss, the Defendants contend that the action should be dismissed as to Anzo and Streetside because the Plaintiffs failed to plead around the defense of patent exhaustion. They also maintain that dismissal is warranted as to all the Defendants because the Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2).

### *Patent Exhaustion*

The Defendants argue that the Complaint is defective and must be dismissed as to Anzo and Streetside because it raises the possibility of, but does not affirmatively foreclose the patent exhaustion doctrine. "The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). Patent exhaustion is an

3

affirmative defense. *ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008).

The Defendants contend that if Eagle Eyes manufactured and sold the parts that the Asyst employee purchased prior to the expiration of the Licensing Agreement, then the Plaintiffs' patent rights in those products had already been extinguished and their claims against Anzo and Streetside fail as a matter of law. The Defendants cite *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) for the proposition that "although a complaint generally need not negate affirmative defenses, if the complaint discloses a defense, the plaintiff must plead around that defense or be vulnerable to a motion to dismiss for failure to state a claim." (Defs.' Mem. Mot. Dismiss Compl. 3.)

Although this is a close summary of the appellate court's statement, review of the language in context reveals that it does not provide support for the Defendants' contention. In *Tregenza*, the court stated:

> The judge held in the alternative that the suit must be dismissed because the plaintiffs had failed to plead in their complaint facts demonstrating the timeliness of the suit. . . . [This] rule makes no sense that we can see. The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. Of course if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court. But it does not follow from the fact that a plaintiff can get into trouble by pleading more than he is required to plead that he is required to plead that more.

12 F.3d at 718 (citations omitted).

4

The Defendants suggest that because the Complaint discloses the existence of the licensing agreement, the Plaintiffs were required to affirmatively plead that Anzo's importation/use/offer for sale/sales and Streetside's offers for sale/sales were not pursuant to the licensing agreement or be subject to dismissal for failure to plead around the defense of patent exhaustion. However, as *Tregenza* makes clear, plaintiffs are not required to anticipate and plead around affirmative defenses unless they have pleaded facts that conclusively demonstrate that the suit is without merit. *See also*, *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).

The licensing agreement between Asyst and Eagle Eyes expired on December 31, 2009, and the Asyst employee purchased the allegedly infringing products in February 2011. (Compl. ¶¶ 19, 24.) Given the temporal gap between these two events, the Plaintiffs have not plead facts that conclusively demonstrate the suit is without merit. Therefore, the patent exhaustion doctrine does not provide a basis for dismissal of the Plaintiffs' Complaint against Anzo and Streetside for failure to state a cause of action.

*Sufficiency of Complaint Under Rule 8*

The Defendants also assert the Complaint should be dismissed for failure to state a claim because it does not meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2). They contend that the Complaint contains only "generalized recitations and conclusions of patent infringement" and that "there are no specific factual allegations" supporting Plaintiffs' legal conclusions. (Defs.' Mem. Mot. Dismiss Compl. 5-6.)

5

The Supreme Court has explicitly stated that mere recitations of the elements of a cause of action, unadorned accusations of harm, and conclusions which are devoid of any supporting factual basis are insufficient to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); *see also*, *Bell v. Twombly*, 550 U.S. 544, 555 (2007). For a complaint to pass muster under Rule 8, it must state a plausible claim for relief.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft*, 129 S.Ct. at 1949 (citations omitted).

A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)(applying the case law of the Court of Appeals for the Fifth Circuit). The purposes of Rule 8 are to give defendants fair notice of the nature of the claim against them and to state a claim for relief that is "plausible on its face" as required by *Iqbal* and *Twombly*. *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). In deciding whether a complaint can survive a motion to dismiss, the court of appeals for this circuit has consistently said: "As a general rule . . . notice pleading remains the standard." *Id.* (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Services*, 536 F.3d 663, 667 (7th Cir. 2008)). Pursuant to Rule 8, pleading is meant to "'focus litigation on

6

the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Bausch*, 630 F.3d at 558 (quoting *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009), quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"[A]ll the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citation omitted). The relevant form in this case is "Form 18: Complaint for Patent Infringement." The form set forth a sample complaint for a claim of patent infringement and includes the following elements: 1) a statement of jurisdiction; 2) a brief description of the patent and a statement that the plaintiff owned the patent during the period of the defendant's infringement; 3) a brief statement of how the defendant is infringing upon the plaintiff's patent; e.g. "by making, selling and using [widgets] that embody the patented invention;" 4) a statement that the plaintiff has given the defendant notice of the infringement; and 5) a demand for relief. Fed. R. Civ. P. Form 18 (2007); *see also*, Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these Rules and illustrate the simplicity and brevity that these rules contemplate.").

The Complaint in this case is sufficient to meet the Rule 8 pleading standards. *See Bausch*, 630 F.3d at 558; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-04 (7th Cir. 2010). The Defendants argue that the Complaint does not contain any factual allegations that support a claim of infringement. This argument does not take into account the allegation that an Asyst

7

employee purchased Anzo parts from Streetside that infringe upon the licensed patents (Compl. ¶ 24) and disregards the Plaintiffs' specific allegations of infringement as to each Defendant. ("Eagle Eyes continues to manufacture and import" (*Id*. at ¶ 21); "Anzo imports, uses, offers for sale, and sells" (*Id*. at ¶ 22); "StreetSideAuto.com sells and offers for sale" (*Id*. at ¶ 23).) While the Plaintiffs have not set forth detailed factual allegations, they are not required to do so at this stage. *See Ashcroft*, 129 S. Ct at 1949-50; *see also*, *Twombly*, 550 U.S. at 555. The facts alleged in the Complaint are sufficient under Rule 8 to survive dismissal. Therefore, the Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) (Docket No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2012.

**BY THE COURT**:

*/s/ Rudolph T. Randa*
_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**