**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ASYST TECHNOLOGIES, LLC, and
BURTON TECHNOLOGIES, LLC,

        Plaintiffs,

v.                              Case No. 11-C-00381

EAGLE EYES TRAFFIC IND. CO., LTD,
C. G. MOTOR SPORTS, INC. d/b/a
ANZO USA, and
KEYSTONE AUTOMOTIVE OPERATIONS, INC.
d/b/a STREETSIDEAUTO.COM,

        Defendants.

**DECISION AND ORDER**

This matter is before the Court on the Civil Local Rule 7(h) expedited non-dispositive motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), filed by the Plaintiffs Asyst Technologies, LLC ("Asyst") and Burton Technologies, LLC ("Burton") (collectively the "Plaintiffs"). The Plaintiffs assert that the Defendants Eagle Eyes Traffic Ind. Co., Ltd. ("Eagle Eyes"), C.G. Motor Sports, Inc. d/b/a Anzo USA ("Anzo"), and Keystone Automotive Operations, Inc. ("Keystone") (collectively, the "Defendants"), have propounded a series of document requests seeking documents pertaining to "extremely sensitive and confidential business and financial information" about them, including: (a)

revenues, profits, expenses, financial statements, and board minutes (Eagle Eyes' First Set of Requests for Production of Document to Asyst, No. 35)(ECF No. 32-1); (b) their business plans, sales projections, forecasts and similar information, including those used to obtain financing (Eagle Eyes' Second Set of Requests for Production of Document to Asyst, Nos. 55-57, 98); (c) pricing (*id.* at Nos. 82, 87, 95, 99-101); (d) customers (*id.* at No. 83); (e) profit margins (*id.* at No. 84); (f) their assessment of the market and their market share (*id.* at Nos. 85-86, 88-90, 94); (g) supply and costs (*id.* at No. 91); (h) details of production and inventory (*id.* at Nos. 92-93); (i) balance sheets, income statements, and similar financial documents (*id.* at No. 97); and (j) marketing documents (*id.* at No. 102).

The Plaintiffs maintain that the documents sought are highly confidential, production of them will be costly in terms of time and money, and they are only potentially relevant to the Defendants' "*Walker Process* Fraud"[1] counterclaim (*see* Counterclaim ¶¶ 59-65) (ECF No. 20), which might implicate evidence that Asyst and Burton have impermissibly exercised monopoly power. A *Walker Process* counterclaim, which requires proof that a patentee has used its patent in violation of the Sherman Act, is pertinent only upon a threshold showing that the patent was obtained through fraud on the United States Patent & Trademark Office ("PTO"). The Plaintiffs request that the Court issue a protective order

---

[1] The counterclaim is a shorthand reference to *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177-78 (1965). A *Walker Process* counterclaim is a claim that the patentee violated the antitrust laws by obtaining patents through fraud on the United States Patent and Trademark Office and then asserting those patents to exclude competitors from the marketplace. *See id* at 177.

2

holding the document requests in abeyance unless and until the Defendants first establish that the patent was obtained through fraud.

In opposing the motion, the Defendants maintain that their discovery requests are relevant to their *Walker Process* counterclaim, the Plaintiffs cite no case law for what essentially is a bifurcation of the case and requiring the Defendants prove fraud without allowing them to conduct discovery. The Defendants also assert that an Attorney's Eyes Only designation would sufficiently protect sensitive information and avoid any concern the Plaintiffs may have regarding enforcement of their right to confidentiality against a Taiwanese corporation.

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal civil cases. Rule 26(b)(1) allows parties to discover information "regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1) states:

> A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending – . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

"[F]or good cause," the Court may enter a protective order "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). The party requesting the protective order has the burden of demonstrating to the court that "good cause" exists for its issuance. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). To satisfy the good cause showing, the Plaintiffs must make a particular and specific

3

demonstration of fact; conclusory statements are not sufficient. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2035 (1970)).

The motion for a protective order includes a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and presents the Court with two sets of requests for production of documents, with a total of 105 requests. However, the Plaintiffs' motion only addresses request number 35 of the Defendants' first set of request for production of documents which consists of 37 requests. While the motion addresses multiple requests of the Defendants' second set of request for production of documents, it does not address request numbers 38 through 54, 59 through 81, 84 or 96 of those requests. The Plaintiffs have not even attempted to demonstrate good cause for a protective order as to those requests. Therefore, their request for a protective order as to those requests for production is denied.

With respect to the remaining requests that are addressed by the Plaintiffs, the cases they cite do not support the requested protective order. *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D. Ariz. 1994), denied a motion to compel and granted a protective order barring the production of an accounting firm's internal manuals because the plaintiffs had "not demonstrated any need for the manuals nor convinced the Court of the manuals' relevance." *Id*. at 195. The statement that protective orders may not protect against disclosure because its competitors were "most likely to be retained" as the plaintiff's experts, was an argument

presented by the defendant, not a conclusion of the court. *See id.* at 194. The relevance of the information sought by the challenged requests for production to the *Walker Process* counterclaim is not challenged.

*In re The City of New York*, 607 F.3d 923, 936-37 (2nd Cir. 2010), was a civil right action in which the court of appeals held that an "attorney's eyes only" protective order provided insufficient protection for the disclosure of highly confidential law enforcement information which risked undermining important New York City Police Department investigatory procedures and thereby endangering the safety of law enforcement personnel and "countless New York residents." The court held that the risks of accidental disclosure were too severe to employ the attorneys' eyes only procedure in that case. *Id*. In addition, the court cited the difficulty in identifying the source of any unauthorized disclosures in that case as opposed to commercial actions, using as an example a previous problem identifying a suspected leak of restricted information to the press in the action. The Plaintiffs in this commercial action have not presented analogous concerns.

Moreover, the *In re The City of New York* court recognized that the disclosure of confidential information on an "attorneys' eyes only" basis "is a routine feature of civil litigation involving trade secrets." *Id*. at 936. "To protect the confidentiality of such information, the Court has the authority to issue an order that limits its disclosure." *See* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person . . . requiring that a trade secret or other confidential research, development, or

5

commercial information not be revealed or be revealed only in a specified way"). The purpose of this form of limited disclosure is to prevent a party from viewing the sensitive information while nevertheless allowing the party's lawyers to litigate on the basis of that information. The Plaintiffs have not met their burden of establishing that an attorneys' eyes only protective order will not be sufficient to protect their interests. Furthermore, the Plaintiffs' generalized claim that the cost of discovery is overly burdensome does not establish good cause for issuance of a protective order.

The Plaintiffs have not met their burden of establishing that the Court should issue a protective order with respect to the Defendants' first and second requests for production. Therefore, their Civil Local Rule 7(h) expedited non-dispositive motion for a protective order is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' Civil Local Rule 7(h) expedited non-dispositive motion (ECF No. 31) for a protective order is **DENIED.**

Dated at Milwaukee, Wisconsin this 14th day of January, 2013.

BY THE COURT

_____
Hon. Rudolph T. Randa
U.S. District Judge